F I L E D
United States Court of Appeals
Tenth Circuit

MAR 28 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY RAY MARTIN,

        Petitioner-Appellant,

v.

DAVID MCKUNE and THE
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

        Respondents-Appellees.

No. 03-3024

(D.C. No. 02-CV-3145-SAC)

(D. Kansas)

---

**ORDER**

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Petitioner Anthony Ray Martin, a state prisoner appearing pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), the request for a COA is denied and the matter is dismissed.

Petitioner was convicted of one count of aggravated battery, nine counts of burglary, ten counts of theft, and one count of obstruction of a law enforcement officer. He was sentenced to 238 months' imprisonment. Petitioner's convictions

were affirmed on direct appeal to the Kansas Court of Appeals, and the Kansas Supreme Court denied his petition for review.

On May 23, 2002, Petitioner filed this § 2254 petition alleging he was entitled to relief because of the following five errors at his trial: (1) the improper admission of uncharged-crime evidence, (2) a violation of the law-of-the-case doctrine, (3) the improper admission of an address book, entitled "Prison Fellowship," (4) a prejudicial in-court identification, and (5) insufficient evidence to support his convictions.

The magistrate reviewed the petition thoroughly and recommended that it be denied. After Petitioner filed no objections to the magistrate's report and recommendation, the district court adopted its reasoning and conclusions and dismissed the petition. This request for a COA followed.

The magistrate and district court reached Petitioner's first, fourth, and fifth constitutional claims on the merits, and concluded that the second and third were procedurally defaulted. To obtain a COA on the claims decided on the merits, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

-2-

would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In assessing whether Petitioner has made these showings, we do not undertake a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). Rather, "[t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

With these benchmarks in mind, we have reviewed Petitioner's brief, the magistrate's report and recommendation, the district court's order, and the record on appeal. Petitioner has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," and he has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Therefore, for substantially the same reasons set forth in the magistrate's December 12, 2002, report and recommendation, and the district court's January 7, 2003, order, we **DENY** Petitioner's request for a COA. The matter is **DISMISSED**.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge
